IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00154-PAB-NYW

PRESERVATION SCIENCES, INC.,

    Plaintiff,

v.

CANNAHOLDCO, INC.,

    Defendant.

**ORDER**

This matter is before the Court on plaintiff's Motion for Preliminary Injunction [Docket No. 3] and Motion for Entry of Default Judgment Against Defendant Cannaholdco, Inc. [Docket No. 12]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**

This case involves allegations of defendant's unauthorized use of plaintiff's intellectual property. Docket No. 1 at 3, ¶ 10. Because of the Clerk of Court's entry of default against defendant, Docket No. 11, the allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Plaintiff "developed a new, organic protein coating [the "PSI Product"] that can be applied to any organic material . . . to facilitate rapid dehydration." Docket No. 1 at 1, ¶ 2. The protein is of "particular interest to businesses in the cannabis and hemp industries." *Id.*, ¶ 3.

To facilitate the sale of the PSI Product, plaintiff created a company called Green Shield, LLC. *Id.*, ¶ 4. Green Shield has two members, plaintiff and an organization called Green Shield Marketing, LLC ("GSM"). *Id.* at 4, ¶ 20. GSM has two members, Ben Dills and Matt Ford. *Id.*, ¶¶ 19-20. Plaintiff granted Green Shield the "exclusive rights to market and distribute the PSI Product in the cannabis industry for eighteen months." *Id.* at 1-2, ¶ 4. Although Green Shield has the ability to market and sell plaintiff's product, the agreement between plaintiff and Green Shield states that plaintiff "will retain all intellectual property rights related to the PSI Product." *Id.* at 2, ¶ 5.

Shortly after September 6, 2018, Mr. Dills and Mr. Ford transferred their ownership in GSM to a new company called DRY Co., Inc. *Id.* at 4-5, ¶ 23. Mr. Dills and Mr. Ford owned "roughly 50%" of Dry Co., with another individual, Rodney Thompson, owning the rest. *Id.* at 5, ¶ 24. Mr. Thompson, or one of his business partners, eventually formed defendant, and defendant and Dry Co. merged, with defendant surviving as the remaining business entity. *Id.*, ¶ 25. Defendant is a corporation organized under the laws of Wyoming with its principal place of business in Sheridan, Wyoming. *Id.* at 3, ¶ 14.

In a December 30, 2019 press release, defendant attempted to sell to a company called AgriCann an exclusive license to the PSI Product. *Id.* at 6, ¶ 33. "As part of the deal, [defendant] offered to give AgriCann all of [plaintiff's] intellectual property, including its trade secrets." *Id.*, ¶ 34. Plaintiff was unaware of the deal between defendant and AgriCann until the December press release. *Id.*, ¶ 36.

Defendant continues to market the PSI Product as its own and has prepared an investment pitch deck that describes defendant's product in nearly identical terms as the PSI Product. *Id.* at 6-7, ¶¶ 37-38, 41-43. Defendant also "falsely" claims that it has a patent pending and published this claim on its website. *Id.* at 7, ¶¶ 44-45. Plaintiff, however, "has never applied for a patent," choosing instead to make "the strategic decision to treat the technology underlying the PSI Product as a trade secret." *Id.*, ¶ 46.

Plaintiff filed this lawsuit on January 17, 2020. *See* Docket No. 1. Plaintiff brings four claims. First, plaintiff brings a claim for injunctive relief to prevent defendant "from (1) asserting ownership rights over the PSI Product and marketing the PSI Product as its own, and (2) disclosing PSI's trade secrets." *Id.* at 8, ¶ 53. Second, plaintiff asks the Court to issue a declaratory judgment that (1) plaintiff owns all the intellectual property rights in the PSI Product, (2) defendant owns no intellectual property rights in the PSI Product, (3) defendant cannot apply for a patent for the PSI Product, and (4) defendant may only market and sell the PSI Product as permitted by the distribution agreement with Green Shield. *Id.* at 9, ¶ 65. Third, plaintiff brings a claim for misappropriation of trade secrets. *Id.* at 10. Finally, plaintiff brings a claim for false marking. *Id.*

On January 17, 2020, plaintiff filed a motion for preliminary injunction. *See* Docket No. 3. Plaintiff requests that the Court enjoin defendant from (1) claiming to be the owner of the PSI Product, (2) marketing the PSI Product in any way that is not in accordance with the distribution agreement, (3) using or sharing plaintiff's trade

3

secrets, and (4) advertising that the PSI Product has a patent pending and taking any steps to obtain such a patent. *Id.* at 7-8. Plaintiff also asks the Court to require defendant to retract the December 30, 2019 press release. *Id.* at 8.

After being properly served on February 24, 2020, defendant failed to enter an appearance. *See* Docket No. 9. As a result, the Clerk of the Court entered default as to defendant on March 10, 2020. *See* Docket No. 11. On March 12, 2020, plaintiff filed a motion for default judgment, requesting the same relief noted in its complaint. *See* Docket No. 12.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.*

4

It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010).

### III. ANALYSIS

Before addressing the merits of plaintiff's motions, the Court must determine whether it has subject matter over the case and personal jurisdiction over defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case"). The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff asserts claims under federal statutes.

Plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). Plaintiff can satisfy its burden by making a prima facie showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d

1063, 1070 (10th Cir. 2008). The Court will accept the well-pleaded allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id.*

In analyzing personal jurisdiction, the Court must determine whether the applicable long arm statute confers jurisdiction over defendant and whether jurisdiction "comports with the limits imposed by federal due process." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

Plaintiff argues that the Court has personal jurisdiction over defendant through a forum selection clause and through defendant's ownership interest in Green Shield, which is a Colorado company. Docket No. 12 at 2. The forum selection clause is contained in the operating agreement for Green Shield. *Id.* Defendant, however, is not a party to such agreement. *Id.* As a result, for the Court to have personal jurisdiction over defendant, plaintiff must demonstrate that defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Daimler*, 571 U.S. at 126 (quotations and citations omitted).

Although plaintiff claims that the Court has personal jurisdiction over defendant based on defendant's ownership interest in Green Shield, which is a Colorado company, the Court does not have personal jurisdiction over a parent company simply because it has personal jurisdiction over the parent's subsidiary. *Pro Axess, Inc. v.*

6

*Orlux Distribution, Inc.*, 428 F.3d 1270, 1278 n.4 (10th Cir. 2005). "For the purposes of personal jurisdiction, a holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity." *Good v. Fuji Fire & Marine Ins. Co., Ltd.*, 271 F. App'x 756, 759 (10th Cir. 2008) (quoting *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974)). "Companies conducting business through their subsidiaries can qualify as transacting business in a state, provided the parent exercises sufficient control over the subsidiary." *Pro Axess*, 428 F.3d at 1278.

Plaintiff has made no allegations that defendant maintains any control over Green Shield. The only allegations in plaintiff's complaint regarding defendant's ownership or control of Green Shield is that defendant has a "minority" interest in Green Shield. *See* Docket No. 1 at 2, ¶ 6. This is not enough to establish personal jurisdiction over defendant. Plaintiff must allege some evidence that the corporate veil should be pierced – for example, defendant maintaining the right to choose operating officers of Green Shield – such that personal jurisdiction can be based on Green Shield's citizenship. *See Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1018 (10th Cir. 2011); *Pro Axess*, 428 F.3d at 1278. Without such allegations, the Court may not assert jurisdiction over an out-of-state defendant absent the requirements for personal jurisdiction. Plaintiff has not alleged that defendant has any connection to Colorado other than through Green Shield.[1] As a result, the Court does not have

---

[1] Even assuming that the forum selection clause in Green Shield's operating agreement is valid, it still would not give the Court personal jurisdiction over defendant. Because Green Shield and defendant are separate legal entities, plaintiff must

7

personal jurisdiction over defendant.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion for Preliminary Injunction [Docket No. 3] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion for Entry of Default Judgment Against Defendant Cannaholdco, Inc. [Docket No. 12] is **DENIED**. It is further

**ORDERED** that this case is **DISMISSED** for lack of personal jurisdiction. It is further

**ORDERED** that this case is closed.

DATED April 6, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

demonstrate that defendant maintains significant control over Green Shield for Green Shield's operating agreement to have effect on whether the Court has personal jurisdiction over defendant.